RECEIVED

MAY 1 4 2012

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| KIANE ARCENEAUX | CIVIL ACTION NO. 6:11-cv-00887 |
| VERSUS | JUDGE DOHERTY |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY | MAGISTRATE JUDGE HANNA |

## JUDGMENT

This matter was referred to United States Magistrate Judge Patrick J. Hanna for report and recommendations. After an independent review of the record, and noting the absence of any objections, this Court concludes that the Magistrate Judge's report and recommendations is correct and adopts the findings and conclusions therein as its own. Accordingly,

**IT IS ORDERED, ADJUDGED AND DECREED** that the Commissioner's decision is AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further consideration. In particular, the ruling is AFFIRMED with regard to the starting date of the period of disability assigned by the Commissioner, but REVERSED as to the ending date. Additionally, this matter is REMANDED to the Commissioner for further administrative action pursuant to the fourth sentence of 42

Case 6:11-cv-00887-RFD Document 12 Filed 05/14/12 Page 2 of 2 PageID #: 578

U.S.C. § 405(g)[1] for the purpose of determining the appropriate ending date for the period of disability that began on May 18, 2006. This includes, but does not limit, sending the case to the hearing level with instructions to the Administrative Law Judge to order an updated consultative examination of claimant or an evaluation by claimant's treating physician, specifically as to her residual functional capacity after her back surgery. The claimant shall be afforded the opportunity to submit additional evidence and to testify at a supplemental hearing, if one is scheduled.

Lafayette, Louisiana, this 14 day of May, 2012.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[1] A fourth sentence remand constitutes a "final judgment" that triggers the filing period for an EAJA fee application. *Shalala v. Schaeffer*, 509 U.S. 292 (1993); *Freeman v. Shalala*, 2 F.3d 552 (5th Cir. 1993).